IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00995-CMA-KLM

KEVIN D. WHITELAW, Trustee of the Whitelaw 2007 Insurance Trust,

    Plaintiff,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), a Michigan Corporation,

    Defendant.

---

## [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

---

    This Protective Order Concerning Confidentiality ("Protective Order") has been agreed to by Plaintiff Kevin D. Whitelaw and Defendant John Hancock Life Insurance Company (U.S.A.) (together, "the Parties").

    The Parties have determined that certain information to be produced in this action contains Confidential Information (as defined below), the unauthorized disclosure of which would be detrimental to the legitimate commercial or privacy interests of the Party that produced this information. Therefore, the Parties hereby agree as follows:

    1.    This Protective Order shall govern documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information produced by the Parties (or third parties) in connection with this case. All such materials and information shall be referred to as "Information."

### CONFIDENTIAL INFORMATION

    2.    Any Information that a Party believes in good faith contains or comprises any confidential, proprietary, commercially sensitive or trade secret information ("Confidential Information") produced by a Party to this litigation or a third-party in connection with this case (the "Producing Party") may be designated by the Producing Party as "Confidential" by marking or designating the information in the manner provided in paragraph 3 of this Stipulated Protective Order. (The "Receiving Party" is any Party to this litigation or third party that receives any Information, as defined herein, in this Action.) Failure of counsel to designate Information as Confidential shall not be deemed a waiver of confidentiality, however.

3. Any Confidential Information shall be designated "Confidential" by the Producing Party by so stamping the material with the appropriate legend. Such a designation shall, where practicable, be made prior to or contemporaneously with production or disclosure except in the case of depositions and except in other circumstances where such contemporaneous designation by affixation is not practicable. With respect to Confidential Information where contemporaneous designation by affixation is not practicable, the Producing Party shall so indicate at the time of production and the designation shall be made as soon after production as is practicable. For multi-page documents, each page containing confidential information shall be so stamped. Any Party producing Confidential Information during or in connection with a deposition shall, on the record of the deposition, designate all or portions thereof as "Confidential" under the terms of this Protective Order prior to or during the deposition. Within twenty (20) business days after receipt of the initial deposition transcript, the Producing Party will mark the portions of the deposition transcript as "Confidential" in accordance with the designations made before or during the deposition and shall provide a copy of the deposition transcript to all counsel. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on the cover, and when filed with the Court, in whole or in part, shall be filed in accordance with the procedure provided for in paragraph 7 below. If a deposition transcript contains repeated references to Confidential Information which cannot be conveniently segregated from non-Confidential Information, any Party may request that the entire transcript be designated Confidential.

4. Where necessary for the proper preparation for and trial of this case, outside counsel of record may disclose Confidential Information only to the following individuals and to no one else: (i) any Party in the above captioned matter, including employees of such Party; (ii) their law firm employees and employee equivalents (*e.g.*, contract paralegals); (iii) independent outside experts or consultants retained for the purpose of aiding counsel of record in connection with counsel's preparation for and trial of this case; (iv) witnesses and deponents testifying or preparing to testify under oath; (v) court reporters and videographers; and (vi) this Court and members of its staff. If a Party wishes to disclose any Confidential Information to any person not described in this paragraph, permission to so disclose must be requested from and provided by the Producing Party in writing. If the Producing Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, this Court orders otherwise. However, each Party may disclose its own Confidential Information without regard to any provision in this Protective Order.

5. Any person to whom Confidential Information may be disclosed pursuant to paragraph 4 hereof, except this Court and members of its staff and except as further stated herein, first shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the confidentiality acknowledgment annexed hereto as Exhibit A. Counsel for the Party obtaining such a person's signature on Exhibit A shall retain the original signed document subject to further order of the Court. Any Party in the above captioned matter, including in-house counsel and employees of such Party, to whom Confidential

Information may be disclosed pursuant to paragraph 4 hereof shall be shown and shall read a copy of this Protective Order, however no separate written agreement shall be required.

      6.      Discovering counsel may show Confidential Information to a witness at a deposition and examine that witness concerning the same. Examining counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Protective Order. If the witness does not so agree, then neither the witness nor his counsel may retain or be given any copy of the Confidential Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated Confidential. In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed. The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designated as Confidential. If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

      7.      (a)      Any party seeking to file with the clerk a document containing Confidential Information shall file a motion for leave to file such information under seal. The form and substance of the motion, verification and proposed order may take any proper form. If the Court grants the motion for sealing, the Confidential Information filed with the court pursuant to the previously referenced motion shall remain under seal.

      (b)      No Receiving Party shall offer as evidence or use as a demonstrative exhibit any Confidential Information during a hearing or other proceeding in open court without having previously complied with provision (a) of this section with respect to the document.

      (c)      As to testimony elicited or exhibits offered or used during the hearings and other proceedings or at the trial of this Action that calls for the disclosure of Confidential Information, the Court may order the courtroom and proceedings to be closed or order any other relief that is deemed appropriate. However, whenever counsel for any Party deems that any question or line of questioning or offer or use of any exhibit calls for the disclosure of Confidential Information, counsel shall indicate on the record that the disclosure is confidential and should therefore be sealed. Counsel shall endeavor to present advance notice to the court as far in advance of the hearing or trial as is practicable of areas of a proceeding that may call Confidential Information into question so as to allow the court the opportunity to make rulings or orders in advance of the hearing so as to not inappropriately delay or interrupt the proceeding. However, in the event Counsel seeks to use Confidential Information for impeachment or other purposes where such use was not foreseeable, nothing in this Protective Order shall prohibit Counsel's right to use such information and immediately move the Court for closure of the proceedings or any other relief that is deemed appropriate.

## **GENERAL PROVISIONS**

8.     The designation of Information as Confidential shall be considered conclusive or binding on the Parties, when such designation was not contested within thirty (30) days of receipt of the Information. If within that time frame, counsel for any Party believes that counsel for a Producing Party has unreasonably claimed that certain Information should be designated as Confidential, objecting counsel may, after any attempt to resolve the dispute by informal conference, make an application to this Court for an Order that the Information (specifically identified by Bates stamp, page and/or line number) be excluded from the protection of this Protective Order. However, unless and until an order of this Court sets aside a designation of Information, all Information so designated shall be treated as Confidential pursuant to the terms of this Protective Order.

9.     Defendant's in-house counsel(s) shall have access to and may disseminate Confidential Information under the terms of this Protective Order in the same fashion as if he or she were outside counsel of record in this matter for Defendant.

10.    Nothing contained herein shall preclude the Court from entering protective orders with respect to the use of Confidential Information in connection with any trial or hearing in this matter.

11.    Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:
    (a)    Prejudice the rights of any Party to object to the production of documents it considers not subject to discovery;
    (b)    Prejudice the rights of any Party to object to authenticity or admissibility of any document, testimony or evidence subject to this Protective Order;
    (c)    Prejudice the right of any Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Protective Order;
    (d)    Prejudice the rights of any Party to apply to this Court for a further protective order relating to any Information; or
    (e)    Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information and to seek Court approval for such modification, if necessary.

12.    This Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Information, or a Party's use of any documents, materials or information obtained independently of discovery in this Action.

13.    This Protective Order shall not be deemed to preclude or affect the Receiving Party's use of Information, including Confidential Information, that has been determined by final court order (after the finality of any appellate review, if applicable) to not be confidential.

14. The Parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Protective Order and a cover letter that will apprise such third parties of their rights hereunder.

15. The provisions of this Protective Order shall, absent written permission of the relevant Producing Parties or further order of this Court, continue to apply after the conclusion of this action, including without limitation any appeals there from.

16. Within sixty (60) days after termination of this litigation, including any appeals there from, the originals and all copies, portions or extracts of Information designated as Confidential, as well as all analyses or discussions of such, including any pleading or other document filed with the court that contains any Confidential Information, shall at the direction of the relevant Producing Parties, be destroyed or turned over to said Parties.

17. In the event that the Court does not accept the Proposed Protective Order, the Parties shall in good faith negotiate any terms that the Court finds objectionable.

18. Entering into, agreeing to, and/or producing or receiving Information or material designated as "Confidential," or otherwise complying with the terms of this Protective Order shall not operate as an admission by any Party that any particular information or material designated as Confidential contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information.

19. Absent a specific order by this Court, and except as provided below, once Information has been designated as Confidential, it may be used solely in connection with the above-captioned action, and shall not be used for any business, proprietary or commercial purpose.

This Protective Order Concerning Confidentiality is approved by and entered as an order of the Court.

DATED: _Dec. 17_, 2010.

_____
HON. KRISTEN L. MIX

## **EXHIBIT A**

## **CONFIDENTIALITY ACKNOWLEDGEMENT**

I, _____, declare:

    1.    I reside at _____.

    2.    I have read and understand the Protective Order to which this Exhibit A is annexed, and I attest to my understanding that access to information designated may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order.

    3.    I will not divulge to persons other than those specifically authorized by the Protective Order any information obtained pursuant to the Order, and will not copy or use such information except for the purposes of this litigation and only as expressly permitted by the terms of the Protective Order. If I fail to abide by the terms of the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court.

    4.    By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the District of Colorado for resolving any and all disputes regarding the Protective Order and this Confidentiality Acknowledgement. I further agree that any and all disputes regarding the Order and this Confidentiality Acknowledgement shall be governed by the laws of the State of Colorado.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

    Executed on _____ at _____.

_____
(Signature)